IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Daniel Eugene Sherman, | C/A No. 5:18-2225-JFA-KDW |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| State of South Carolina, | |
| Defendant. | |

Daniel Eugene Sherman ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation suggesting that the petition is successive and that it should be summarily dismissed because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The petitioner was advised of his right to file objections to the Report and Recommendation, and he has timely done so. On September 17, 2018, in a document titled "Objection to Report and Recommendation," Petitioner requested that the Court stay this matter so Petitioner could request permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. (ECF No. 14). On September 18, 2018, this Court granted Petitioner's motion and advised Petitioner that he had 30 days to obtain permission from the Fourth Circuit to file a second or successive petition and that Petitioner shall notify this Court within 60 days of the status of the Fourth Circuit's decision. (ECF No. 16). On November 13, 2018, Petitioner provided this Court with the Fourth Circuit's Order denying Petitioner's motion to file a second or successive petition. (ECF No. 23).

The Magistrate Judge is correct in her opinion that the claims raised in this petition are successive. As Petitioner's request to file a successive petition was denied by the Fourth Circuit Court of Appeals, this Court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the Court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that

IT IS SO ORDERED.

November 29, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."